NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROGER BUCK,                          :

       Plaintiff,            :

  v.                                 :   Civil Action No. 02-5222(JWB)

STEPHEN REICK,                       :   **O P I N I O N**
NICHOLAS TERESE and
MRS. TERESE,                         :

       Defendants.           :


**APPEARANCES**:

    REID & FRITZ
    By:  Adrian R. Reid, Esquire
    2207 Chestnut Street, Suite 200
    Philadelphia, Pennsylvania  19102
    (Attorneys for Plaintiff)

    McDERMOTT & McGEE
    By:  Anthony J. Verardi, Esquire
         A. Charles Lorenzo, Esquire
    75 Main Street
    P.O. Box 192
    Millburn, New Jersey  07041
    (Attorneys for Defendants
    Nicholas Terese and Nancy Terese,
    improperly pleaded as Mrs. Terese)

**BISSELL**, Chief Judge

    This matter comes before the Court on defendants Nicholas Terese and Nancy Terese's motion for summary judgment or, in the alternative, to vacate the Order of Dismissal as to defendant Stephen Reick dated February 13, 2004.  This Court has subject

matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(A)(1).

## FACTS AND PROCEDURAL HISTORY

On October 31, 2002, plaintiff Roger Buck ("Mr. Buck") filed the instant action against defendant Stephen Reick (now deceased) and defendants Nicholas and Nancy Terese (collectively "the Tereses").  Mr. Buck is currently a resident of Florida. Defendants are residents of New Jersey.  Service was not executed against Reick, and subsequently on February 13, 2004, this Court issued an Order of Dismissal as to him, pursuant to Local Civil Rule 41.1(a).

Mr. Buck's claims against defendants stem from an accident that took place on or about August 28, 2001.  Defendants own a four-bedroom residence at 13 Bergen Avenue in Hillsdale, New Jersey ("the 13 Bergen Ave. residence").  (See Defendants' Exh. B at 3).  Defendants leased the entire 13 Bergen Ave. residence to Oxford House, an organization for recovering alcoholics.  (See id. at 4).  Mr. Reick resided at the 13 Bergen Ave. location during 2001. (See id. at 5).  According to Mr. Terese, Mr. Reick would collect and pay the total rent for the 13 Bergen Ave. residence in one check.  (See id. at 7).  Furthermore, according to Mr. Terese, Mr. Reick was the person who rented a room to Mr. Buck but Mr. Reick was not paid in any way by Mr. Terese.  (See id. at 6).

On August 28, 2001, Mr. Buck stepped onto the back porch of the 13 Bergen Avenue residence and slipped on a flashlight. (See Exh. A at 6). Mr. Buck fell off of the porch and landed on cinder blocks. (See id.) Mr. Buck claims that the porch light was not working at the time of the fall. (See Compl., ¶ 14). As a result of the fall, Mr. Buck suffered a calthaneous fracture to the right foot. (See id., ¶ 15).

Mr. Buck now sues defendants Mr. and Mrs. Terese for personal injuries under a theory of respondeat superior. (See Compl.) According to Mr. Buck, Mr. Reick, acting as defendants' servant, agent and/or employee, was negligent in leaving the flashlight in front of the door. (See Plaintiff's Br. at 2). Hence, Mr. Buck argues that defendants are liable for Mr. Reick's negligence because he was acting as their agent. (See id.)

Defendants Nicholas Terese and Nancy Terese have now moved for summary judgment.

## DISCUSSION

### I.  Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also

-3-

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 205 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The Supreme Court has stated that in evaluating a defendant's motion for summary judgment:

> [t]he judge must ask ... not whether ... the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict ....

Anderson, 477 U.S. at 252. A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. (See id.) Only evidence that would be admissible at trial may be used to test a summary judgment

motion; evidence with a deficient foundation must be excluded from consideration.  See Blackburn v. United Parcel Service, Inc., 1999 WL 360546 (3d Cir. 1999).

**II.  Summary Judgment Analysis**

Defendants argue that summary judgment is appropriate because "they were not negligent or in any way the proximate cause of plaintiff's injuries." (Defendants' Br. at 4). According to defendants, Mr. Buck was aware that the light on the porch was not working and it was the "tenants' responsibility to replace light bulbs on the premises." (Id. at 5).  Moreover, defendants claim that they, as landlords, are only liable "for injurious consequences to a tenant by reason of defects of which [they have] knowledge and of defects which have existed for so long a time that [they] had both an opportunity to discover and remedy." (Id., quoting Dwyer v. Skyline Apartments, Inc., 123 N.J. Super. 48, 52 (1973)).  Hence, defendants argue that they did not have notice of the broken porch light and, even if they did, liability would still not attach because it was the tenants' responsibility for correct that condition. (See id.) Furthermore, defendants argue that Mr. Reick was the negligent party. (See id.) Defendants refer to Mr. Reick as "another tenant" and not as an agent. (Id.)  While not stated directly, this Court assumes by this language that defendants contest Mr. Buck's assertion that Mr. Reick was an agent of the defendants.

-5-

**II.  Agency Principles Applied in this Case**

The question of agency can either be one of law for the court to decide, or one of fact:

> When the facts relied upon to establish the existence of an agency are undisputed, and conflicting inferences cannot be drawn from them, the question of the existence of the agency is one of law for the court.  On the other hand, when the facts pertaining to the existence of an agency are conflicting, or conflicting inferences may be drawn from the evidence, the question is one of fact for the jury, or for the court as the trier of fact if the case is tried without a jury.  The weight of such evidence to show agency is a question for the trier of fact.

3 Am. Jr. 2d Agency § 352.  In this case, the facts relied upon to establish the existence of the agency relationship between the defendants and Mr. Reick are disputed.  Moreover, conflicting inferences could be drawn from the facts available to the Court.

For example, regarding the agency relationship, the record lacks evidence of a contract between either the defendants and Mr. Reick or between Mr. Reick and the Oxford House (the official tenant in the building) or between the defendants and Oxford House.  According to Mr. Reick, there was a lease signed between Mr. Reick and Mr. Terese.  (See Reick Dep. at 14:16).  However, it is unclear whether Oxford House co-signed or was in any way involved in that lease.  (See id. at 16:5-15).

Furthermore, while it is undisputed that Mr. Reick was a tenant at the 13 Bergen Avenue residence during 2001, (see

Defendants' Exh. B at 5), his role during that time is very much in dispute. According to both Mr. Terese and Mr. Reick, it was Mr. Reick who would collect the rent from the other three tenants living in the building. (See id. at 7; see also Reick Dep. at 17:3-9). According to Mr. Reick, he or another tenant named Richie would pay the total rent for the 13 Bergen Avenue residence in one check. (See id. at 17:7-9). According to Mr. Reick, there was "a house account" that was used to pay for rent and small household items. (See id. at 17:12-15). In contrast, Mr. Terese stated that it was Mr. Reick who would pay the rent each month. (See Defendants' Exh. B at 7). Mr. Reick acknowledged during his deposition that at the time of the accident in question, August 2001, Mr. Reick was the only member of the household who had a signature card at the bank where the "household account" was held. (See Reick Dep. at 81:14). Furthermore, Mr. Reick was the sole member of the house who would perform the banking duties for the house. (See id. at 81:24).

Both Mr. Reick and Mr. Terese claim that Mr. Reick did not receive any compensation from Mr. Terese while living in the house. (See id.; see also Reick Dep. at 19:5).

Furthermore, according to Mr. Terese, Mr. Reick was the person who rented a room to Mr. Buck. (See Defendants' Exh. B at 6). However, Mr. Reick testified in his deposition that even though he was the "captain of the ship," everyone in the house

-7-

had to agree to rent a room to a new tenant.  (See Reick Dep. at 32:20-25).  Moreover, Mr. Reick stated that he "didn't make any of the decisions."  (See id. at 33:7).  He further stated that "when it came down to making decisions, everyone [who lived in the house] had one quarter of that house."  (See id. at 33:9-11).  Notably, Mr. Reick also states that he may not have been the person who placed the advertisement in the newspaper for a new housemate.  (See id. at 83:25-84:8) ("It was either me or this other guy.  I'm not sure if I - because I was working a lot of overtime at this time.  ...  I am not sure if he placed it or I did.")

According to the plaintiff,  "Mr. Reick was completely in charge of "Maintenance of the property[,] renting to new tenants[,] repairs to the property[, and] day to day operation." (Plaintiff's Counter-Statement of Facts at 3).  However, Mr. Reick testified that this was not the case and that on more than one occasion Mr. Reick asked Mr. Terese for permission to perform repairs.  (See Reick Dep. at 98:2-5).  Furthermore, according to Mr. Reick it was Mr. Terese who performed significant repairs to the house, such as repairing the heater and stove.  (See id. at 98:6-8).

The foregoing is only a sample of the many discrepancies and conflicting accounts pertaining to Mr. Reick's status.

**III.  Legal Analysis**

Courts in this District have held that summary judgment is inappropriate when there is a material issue of fact as to a party's agency relationship.  See., e.g.., Sculthorpe v. New York Life Ins. Co., 1991 U.S. Dist. LEXIS 10078 (July 16, 1991) (Holding that because all inferences must be made in favor of the non-moving party, there was a material issue of fact as to the agency relationship and therefore denying summary judgment); S.K.A. Steel Trading, Inc. v. Penn Terminals, Inc., 1998 U.S. Dist. LEXIS 16379 (October 13, 1998) (stating that "whether an agency relationship exists is a question of fact").

After reviewing the papers and transcripts submitted, and construing all facts and inferences in the light most favorable to Mr. Buck, there appears to be a material issue of fact as to whether Mr. Reick was acting as an agent of the defendants.  The testimonies of Mr. Terese, Mr. Reick and Mr. Buck present triable issues of fact as to Mr. Reick's possible agency status at the time of the accident.  Moreover, because the issue of agency is a factual issue, absent clear evidence as to Mr. Reick's status, this court may not adjudicate that issue summarily.  See S.K.A. Steel Trading, 1998 U.S. Dist. LEXIS 16379 ("[I]f all facts relating to the issue of agency are not disputed, the issue can be properly decided by the court.")  In this case, the issue of agency is disputed, as Mr. Buck asserts that there was an agency relationship and defendants claim otherwise.  Therefore, the

-9-

Court may not rule at this preliminary stage on the factual issue of Mr. Reick's possible agency status. There is a triable issue of material fact and summary judgment is inappropriate.

### III. Motion to Vacate the Order of Dismissal as to Stephen Reick

At oral argument, upon discussion of Mr. Reick's death, counsel for the defendants asked that the motion to vacate the order of dismissal as to Mr. Reick be adjourned in order that they be given an opportunity to reflect upon whether they could seek to substitute his estate as a defendant particularly on a cross-claim.

Now that the defendants' summary judgment motion has been denied, the Court will reschedule for disposition the motion to vacate the order of dismissal as to Stephen Reick, on the papers, for August 15, 2005. The defendants shall file and serve any further papers in support, including substitution of Mr. Reick's estate, no later than August 1, 2005. Responses, if any, on behalf of the plaintiff shall be filed and served no later than August 8, 2005 at which time the Court will turn its attention to that motion if it is being pursued.

### CONCLUSION

For the foregoing reasons, defendants Nicholas Terese and Nancy Terese's motion for summary judgment is denied. Furthermore, the motion to vacate the Order of Dismissal as to

defendant Stephen Reick is scheduled for disposition, on the papers, on August 15, 2005.

```
                                /s/    John W. Bissell
                                     JOHN W. BISSELL
                                        Chief Judge
                                United States District Court
```

DATED:  July 13, 2005